HANS J. LILJEBERG, Judge.
| .Appellants[1] seek review of the trial court’s judgment .granting the exception of no cause of action filed by appellee, St. John the Baptist Parish (the “Parish”), as well as the judgment granting the joint motion for summary judgment filed by appellees, Praxair, Inc., Willbros Group, Inc., Willbros United States Holdings, Inc., Willbros Construction (US), LLC and Will-bros Pipeline Specialty Services, LLC (collectively referred to as “Willbros Defendants”). For the following reasons, we affirm both of these judgments.

FACTS AND PROCEDURAL HISTORY

Appellants filed this matter as a class action on béhalf of residents of St. John the Baptist Parish, who experienced flood *787 damages in the wake of Hurricane Isaac.[2] Prior to Hurricane Isaac’s arrival on August 29, 2012, Governor Bobby Jindal declared a state of emergency on August 26, 2012. The Parish President, Natalie Ro-bottom, also declared a state of emergency on that same day due to potential destruction the storm could cause in the Parish.
Appellants filed suit on October 26, 2012, alleging the Parish knew or should have known flooding would occur due to available surge predictions and | ^meteorological information. Appellants claimed the Parish was negligent and at fault for its failure to warn residents of the probability of flooding, its failure to declare a mandatory evacuation and its failure to take steps to lessen or mitigate the danger and damage to Parish residents.
Appellants also sued the Willbros Defendants claiming these parties contributed to flood damages as a result of construction work they were performing on a pipeline. The Willbros Defendants allegedly dug a ditch for the pipeline and created mounds of dirt which formed a levee. Appellants claim this levee trapped water and exacerbated the flood damages.
On June 26, 2014, less than two months prior to trial, the Willbros Defendants filed a joint motion for summary judgment seeking dismissal of appellants’ claims based on their failure to designate fact or expert witnesses and their failure to list exhibits to satisfy their burden to prove the pipeline construction activities contributed to appellants’ flood damages. In their opposition, appellants argued the trial court could take judicial notice that “water cannot pass through an earthen levee.”
On June 24, 2014, the Parish filed an exception of no cause of action also seeking to dismiss appellants’ claims. The Parish argued that as a political subdivision, it was entitled to absolute immunity from the appellants’ claims under La. R.S. 29:735, the immunity provision of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (the “Emergency and Disaster Act”). In their opposition, appellants sought leave to amend their petition for damages, but failed to explain how they could state a cause of action against the Parish.
Following oral argument, the trial court granted both the exception of no cause of action and the joint motion for summary judgment, and dismissed appellants’ claims against the appellees with prejudice. With respect to the joint motion for |fisummary judgment, the trial court determined appellants failed to satisfy their burden to prove the existence of an alleged levee, as well as how the levee contributed to appellants’ damages. In granting the Parish’s exception of no cause of action, the trial court determined La. R.S. 29:735 applied to appellants’ claims against the Parish and the Parish’s immunity barred these claims. The trial court also denied appellants’ request for leave to amend their petition because appellants could not allege any facts sufficient to overcome the Parish’s immunity. This appeal followed.

LAW AND DISCUSSION

In their first assignment of error, appellants contend the trial court erred by granting the Willbros Defendants’ joint motion for summary judgment and by finding appellants could not meet their evidentiary burden at trial.
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547; Prince v. K-Mart Corp., 01-1151 *788 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The summary judgment procedure is favored, and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate |7all essential elements of the adverse party’s claim, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
It is well-settled a plaintiff opposing summary judgment cannot rest on the mere allegations of her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B); Darr v. Marine Electronics Solutions, Inc., 11-908 (La.App. 5 Cir. 5/22/12), 96 So.3d 527, 533, unit denied, 12-1442 (La.10/8/12), 98 So.3d 860. Conclusory allegations and unsupported speculation will not support the finding of a genuine issue of material fact. Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472, 476.
The Willbros Defendants sought dismissal of the appellants’ claims against them because appellants failed to identify any witnesses or exhibits to establish their conduct contributed to the flood damages. The burden shifted to appellants, but they did not submit any affidavits or other evidence to establish how the Willbros Defendants caused or contributed to their flood damages. Appellants simply asked the trial court to rely on the allegations made in their petition and to take judicial notice that “water cannot pass through an earthen levee.” Appellants failed to satisfy their burden in opposing the summary judgment motion.
Therefore, we affirm the trial court’s decision to grant the joint motion for summary judgment and dismiss appellants’ claims against the Willbros Defendants with prejudice.
In their second assignment of error, appellants argue the trial court erred by granting the Parish’s exception of no cause of action and finding the Parish enjoyed | immunity from appellants’ claims under La. R.S. 29:735, the immunity provision of the Emergency and Disaster Act.
La. R.S. 29:735(A)(1) provides:
Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents’ employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any *789 injury to persons or damage to property as a result of such activity.
La. R.S. 29:723(4) defines “emergency preparedness” as “the mitigation of, preparation for, response to, and the recovery from emergencies or disasters.” This provision also states the term “emergency preparedness” is synonymous with “emergency management.” La. R.S. 29:723(2) defines a “disaster” as an event which is “the result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and other weather related events.” La. R.S. 29:723(3)(a) defines “emergency” as an “actual or threatened condition which has been or may be created by a disaster,” and in (3)(b)(l) as “[a]ny natural or man-made event which results in an interruption in the delivery of utility services to any consumer of such services and which affects the safety, health, or welfare of a Louisiana resident.”
The Parish’s immunity defense pursuant to La. R.S. 29:735 is an affirmative defense. Banks v. Parish of Jefferson, 08-27 (La.App. 5 Cir. 6/19/08), 990 So.2d 26, 30. The Parish has the burden of proving entitlement to its affirmative defenses, including its immunity defenses. Monteville v. Terrebonne Parish Consolidated Gov’t, 567 So.2d 1097, 1106 (La.1990); Abadie v. Markey, 97-684 9(La.App. 5 Cir. 3/11/98), 710 So.2d 327, 332. Furthermore, immunity statutes are strictly construed against the party claiming the immunity. Banks, supra.
Political subdivisions are afforded absolute immunity for damages resulting from emergency preparedness activities. Haab v. East Bank Consol. Special Serv. Fire Prot. Dist., 13-954 (La.App. 5 Cir. 5/28/14), 139 So.3d 1174, 1179, writ denied, 14-1581 (La.10/24/14), 151 So.3d 609; Castille v. Lafayette City-Parish Consol. Gov’t, 04-1569 (La.App. 3 Cir. 3/2/05), 896 So.2d 1261, writ denied, 05-0860 (La.5/13/05), 902 So.2d 1029.
In the days preceding Hurricane Isaac’s arrival, the State of Louisiana and the Parish were under a state of emergency. Appellants contend the Parish’s failure to provide proper warnings and evacuations led to their damages. They further contend the Parish failed to mitigate their damages after Hurricane Isaac’s landfall. As stated above emergency preparedness activities are defined as the “mitigation of, preparation for, response to, and the recovery from emergencies or disasters,” as well as “emergency management” activities. There can be no dispute appellants seek damages allegedly caused by the Parish’s failures with respect to its emergency preparedness and management activities as defined in La. R.S. 29:723(4). The trial court did not err in finding the appellants’ claims relate to the Parish’s emergency preparedness activities and the Parish enjoyed absolute immunity from appellants’ claims pursuant to La. R.S. 29:735.
The trial court also acted appropriately by refusing to grant appellants’ request to amend their petition against the Parish. La. C.C.P. art. 934 provides that if a plaintiff cannot remove the grounds of a peremptory objection, the claim shall be dismissed. Appellants failed to provide any explanation to the trial court, or to Imthis Court, regarding how they could amend their petition to state a cause of action against the Parish.[3]

*790
DECREE

For these reasons, we affirm the trial court’s judgments granting the joint motion for summary judgment, granting the exception of no cause of action and dismissing appellants’ claims against the ap-pellees with prejudice.

AFFIRMED

. Appellants are sixty individuals who reside ■in St. John the Baptist Parish and who allegedly experienced flood damages following Hurricane Isaac.

. The nial court dismissed appellants' class allegations on March 6, 2014.

. La. R.S. 29:735 contains an exception to absolute immunity for willful misconduct. However, this exception does not apply to a political subdivision, such as the Parish. The exception only applies to the willful misconduct of employees or representatives of the *790 political subdivision. Haab, 139 So.3d at 1179; Chi. Prop. Interests, L.L.C. v. Broussard, 08-1210 (La.App. 5 Cir. 3/6/09), 2009 La.App. LEXIS 2266, pp. 9-10 (unpublished writ disposition).