STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-913 consolidated with 17-912


RONALD COLSON AND VIRGINIA COLSON, ET AL.

VERSUS

COLFAX TREATING CO, LLC, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,116 C/W 236,112
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Candyce G. Perret, Judges.


MOTION TO STRIKE GRANTED. MOTION TO SUPPLEMENT THE
RECORD DENIED. JUDGMENT AFFIRMED.

**Joseph J. Bailey**
**Eli J. Meaux**
**Provosty, Sadler, & deLaunay, APC**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Virginia Colson**
    **Ronald Colson**

**Daniel E. Broussard, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71301**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Virginia Colson**
    **Ronald Colson**

**Randall B. Keiser**
**David E. Boraks**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Pineville**

**GREMILLION, Judge.**

Plaintiffs/appellants, Ronald and Virginia Colson, appeal summary judgment in favor of the City of Pineville in this suit arising from damage to the Colsons' home in the wake of Hurricane Gustav. The City filed a Motion to Strike the Colsons' reply brief. In response to the City's motion to strike, the Colsons filed a motion for leave to exceed the page limit on reply briefs. The Colsons also filed a motion to supplement the record with documents proffered at the hearing on the motion for summary judgment but were excluded from evidence by the trial court. For the reasons that follow, we grant the City's motion to strike, deny the Colsons' motion to supplement the record, and affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

The Colsons own property on Church Street in Pineville, Louisiana. They alleged in their petition that their property was flooded on September 1 and 2, 2008, and that the flood water was contaminated with creosote/pentachlorophenol, TPH diesel, and other contaminates that originated at the Colfax Treating Company's (Colfax) wood treating facility in Pineville, which was allowed by permit to be disposed of through Pineville's waste water system. When Hurricane Gustav inundated Central Louisiana with heavy rains, according to the petition, contaminated waste and storm water overwhelmed Pineville's system and contaminated the Colsons' property. The petition further alleges that the contamination resulted in the Colsons' forcible and unlawful eviction from their home. The Colsons sued both Colfax and the City. The City is alleged to have failed to timely activate pumps designated to evacuate waste and storm water, failed to properly inspect or maintain those pumps prior to the event, and allowed Colfax to improperly dispose of these contaminates above legally-allowed limits.

The Colsons' suit was joined with two other neighbors and consolidated with a similar action filed by yet more neighbors in the Church Street area. The other actions, though, have all been dismissed.

The City filed a motion for summary judgment on October 17, 2016, in which it asserted that it was immune from liability pursuant to the Louisiana Homeland Security and Emergency and Disaster Assistance Act ("the Act"), La.R.S. 29:721-39. A second motion for summary judgment was filed the same day and asserted that the City was not liable for flooding, as the Red River, Atchafalaya, and Bayou Boeuf Levee District was solely responsible for flood control within the area of its operation, which includes the City of Pineville.

The Colsons filed oppositions to these motions, arguing that the City violated applicable Environmental Protection Agency and Louisiana Department of Environmental Quality statutes, orders, and regulations governing waste water contaminants, as well as requirements that it develop a plan to deal with situations like it faced in Hurricane Gustav. Further, the Colsons argued, the City was empowered by terms of its permit to Colfax to order Colfax to cease releasing waste into its system. In their opposition, the Colsons offered the affidavit of Dr. Nicholas P. Cheremisinoff, Ph.D., a chemical engineer with many years of experience in environmental management and a CD containing several exhibits, which they sought to authenticate through the affidavit of their counsel. They also offered the deposition of Mr. Colson.

The Colsons' exhibits presented in opposition to the City's motion, other than the affidavits and deposition, were contained on a compact disc. The City filed, in its reply memorandum, an objection to all of the Colsons' exhibits except Mr. Colsons' deposition.

The Colsons sought a continuance of the hearing on the City's motions because of outstanding discovery issues.  Nonetheless, the motions were heard by the trial court on January 9, 2017.  The trial court also heard the City's objections to various exhibits and struck all exhibits besides Dr. Cheremisinoff's affidavit and Mr. Colsons' deposition.  The Colsons then made a proffer of those exhibits.  The trial court rendered judgment in favor of the Colsons on the issue of the City's immunity under the Act.  It ruled in favor of the City on the issue of flooding, rendering judgment as follows (emphasis in original):

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the City of Pineville's Motion for Summary Judgment based on **LSA-R.S. 38:291 et seq.** is hereby GRANTED and that all claims against the City of Pineville by Plaintiffs for injuries and damages related to flooding are hereby dismissed with prejudice at Plaintiffs' sole cost;

> IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT all of Plaintiffs' claims for damages resulting from the City of Pineville's sewer system are not dismissed and remain pending before this Court.

The Colsons perfected this appeal of the judgment.  They assert that the trial court erred in not continuing the hearing, in striking certain exhibits, and in granting summary judgment on the issue of flooding.  The City answered the Colsons' appeal and ask that this court reverse the trial court's denial of its motion for summary judgment regarding applicability of the Act.

The City has also filed a motion to strike the Colsons' reply brief because it exceeds the thirteen-page limit on reply briefs found in Uniform Rules—Courts of Appeal, Rule 2-12.2(D) and Internal Rules—Third Circuit Court of Appeal, Rule 18.

## DISCUSSION AND ANALYSIS

Courts of appeal review summary judgments de novo employing the same analysis as does a trial court.  *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d

880. The mover bears the burden of proof in a motion for summary judgment to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. La.Code Civ.P. arts. 966, 967.

*The City's motion to strike the Colsons' reply brief*

Uniform Rules—Courts of Appeal, Rule 2-12.2(D) provides that reply briefs on 8 ½"x 14" paper are limited to thirteen pages, exclusive of the tables of contents and authorities. The Colsons' reply brief exceeds the authorized page limit at sixteen pages. This court has discretion to allow a reply brief when in the interest of justice. In the present matter, we do not find that the interests of justice are furthered by allowing this departure from our rules. The City's motion to strike the Colsons' reply brief is granted.

*Striking exhibits and the motion to supplement the record*

Louisiana Code of Civil Procedure Article 966(A)(4) prescribes the documents that may support or oppose a motion for summary judgment. Those are "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Under La.Code Civ.P. art. 966(D)(2), the court may only consider the documents filed in support of or in opposition to the motion, "and shall consider any documents to which no objection is made." Objections must be raised in a timely-filed opposition or reply memorandum. *Id.*

The contents of the compact disc contain no self-authenticating formal requirements and do not meet the criteria of La.Code Civ.P. art. 966(A)(4). They primarily consist of items obtained from the websites of governmental agencies. Much of this information was contained or summarized in Dr. Cheremisinoff's affidavit, which was considered by the trial court. Accordingly, we affirm the trial

4

court's grant of the City's motion to strike and deny the Colsons' motion to supplement the record on appeal.

*Refusal to grant a continuance of the hearing*

Louisiana Code of Civil Procedure Article 966(C)(4) provides that the trial court may continue a hearing on a motion for summary judgment "[f]or good cause shown." The determination of whether a trial court should have granted a continuance of a hearing on a motion for summary judgment is reviewed by this court to determine whether the trial court abused its discretion. *Advance Prods. & Sys., Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La. 3/9/07), 949 So.2d 444.

The Colsons sought a continuance of the hearing on the motion for summary judgment on the grounds that discovery requests had not been answered by the City and they were intent on taking depositions, but needed responses to their written requests first. The trial court held that La.Code Civ.P. art. 966 provides that the parties be given adequate opportunity for discovery. Given the length of time suit had been filed, the trial court opined that adequate opportunity for discovery had been afforded.

A review of the record[1] reveals that the suit was filed on August 31, 2009. The matter was consolidated for trial in 2010. A flurry of activity followed the trial court's denial of an exception of prescription filed by the City in the consolidated matter. Several parties' claims, also in the consolidated matter, were dismissed in 2010. Thereafter, between December 2010 and June 2016, there were two dismissals, a motion to enroll as co-counsel, and a motion to withdraw as counsel. In June 2016, the City filed a motion for leave to amend its answer. In

---

[1] After this matter was consolidated, pleadings that should have been designated for filing in this matter were actually filed in the record of the consolidated matter, *Mack v. Colfax Treating Co., Inc.*, 17-912. For purposes of this appeal, we have reviewed both records.

5

October 2016, this motion for summary judgment was filed. The motion was not heard until January 2017. We can find no abuse of the trial court's discretion in this ruling. This assignment of error lacks merit.

*Immunity under the Act*

The City argues that the trial court erred in denying its motion for summary judgment under the Act. Immunity under the Act is an affirmative defense that must be specifically pleaded. *Rogers v. State, ex rel. Dep't of Pub. Safety and Corr.*, 07-1060 (La.App. 3 Cir. 1/30/08), 974 So.2d 919, *writ denied*, 08-504 (La. 4/25/08), 978 So.2d 367. The burden of proof of an affirmative defense lies with its proponent. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. "If the party moving for summary judgment will bear the burden of persuasion on the subject issue at trial, that party must support his motion with credible evidence that would entitle him to a directed verdict if not controverted at trial." *Id*. at 766.

Louisiana Revised Statutes 29:735(A)(1) reads:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

"'Emergency preparedness' means the mitigation of, preparation for, response to, and the recovery from emergencies or disasters. The term 'emergency preparedness' shall be synonymous with 'civil defense', 'emergency management', and other related programs of similar name." La.R.S. 29:723(4). The provisions of the Act are initiated with the issuance of a declaration "by executive order or proclamation of the governor if he finds a disaster or emergency has occurred or the threat thereof is imminent." La.R.S. 29:724(B)(1). As with all statutes that

6

confer immunity from liability, La.R.S. 29:735 is strictly construed. *Robertson v. St. John the Baptist Parish*, 15-240 (La.App. 5 Cir. 10/14/15), 177 So.3d 785.

In support of its motion, the City annexed a copy of the emergency declaration issued by Governor Bobby Jindal, 51 BJ 2008, which declared a state of emergency throughout the State of Louisiana. The City also annexed thereto the affidavit of Mr. Charlie Moore, who was Superintendent of Public Works for the City at the time the emergency was declared. Mr. Moore attested that the City of Pineville's waste water (sewerage) and storm drainage systems are entirely separate. The City's lift stations were powered by electricity delivered by CLECO. The lift stations lost power during Hurricane Gustav; before and after the loss of power, the lift stations were operating properly.

To prevail in a claim of immunity under the Act, the City must demonstrate that the acts or omissions complained of occurred during the declared emergency. *Bordelon v. Gravity Drainage Dist. No. 4 of Ward 3 of Calcasieu Parish*, 10-1318 (La.App. 3 Cir. 10/5/11), 74 So.3d 766, *writ denied*, 11-2438 (La. 1/13/12), 77 So.3d 971. As will be discussed more fully, the issue is not the failure of pumps or loss of power to pumps. There exist genuine issues of material fact in this case regarding alleged actions or omissions that well predated Hurricane Gustav.

Dr. Cheremisinoff attested that he reviewed documents produced by the Louisiana Department of Environmental Quality, the City, and Colfax. He also relied upon the depositions of the Colsons. From prior experience consulting in other litigation and from his review of the records, Dr. Cheremisinoff opined that Colfax has a long history of problems complying with its permit from the City that resulted in a Consent Agreement between the City and Colfax, under which Colfax agreed to install some treatment equipment of its own to bring it into compliance with the permit issued by the City. This Consent Agreement was dated August 4,

7

2008, less than a month before Gustav's landfall. Dr. Cheremisinoff also outlined the City's obligations under federal and state laws and regulations, including the requirement that it identify events in which overflow can occur and plan accordingly.

Most crucial, though, was Mr. Colsons' testimony that sewerage, and thus these chemicals, was being released from the sewer cleanout adjacent to the Colsons' property before the heavy rains and flooding started. This demonstrates a genuine issue of material fact regarding the applicability of the Act to this matter. The City's assignment of error lacks merit.

*The City's responsibility for flood control*

The Colsons argue that the trial court erred in granting the City's motion for summary judgment on the issue of whether the City is relieved of liability for flooding. The City argued that the entity responsible for flood control is the Red River, Atchafalaya, and Bayou Boeuf Levee District (the Levee District).

Asserting that another is at fault or bears the legal obligation that forms the basis of a plaintiff's suit is an affirmative defense. La.Code Civ.P. art. 1005. The City bears the burden of proof of this defense.

The Levee District's territorial limits are fixed by La.R.S. 38:291(M). The territory includes the City. La.R.S. 38:291(M)(1)(c). We see no authority in the statutes governing levee districts, however, that relieves other governmental entities within a levee district's territory of liability for the failure of storm mitigation systems not built by the levee district.

In *Fryoux v. Tensas Basin Levee District*, 12-997 (La.App. 3 Cir. 2/6/13) (unpublished), this court faced the issue of liability of the Tensas Basin Levee District (TBLD) from flood damage during Hurricane Gustav. The TBLD filed a motion for summary judgment asserting that under the Act it was immune from

liability for emergency preparedness activities. The Town of Jonesville filed exceptions asserting that TBLD owned, maintained, and controlled the levee system in Catahoula Parish, including the ring levee gates that, had they operated correctly, according to the plaintiffs' petition, would have prevented their flooding damage. The trial court maintained this exception, and the plaintiffs did not appeal. TBLD's motion for summary judgment was granted, and plaintiffs appealed.

On appeal, we found that a genuine issue of material fact existed regarding which entity was responsible for the flood control structures within the town. We, therefore, reversed summary judgment in favor of TLBD.

It is certainly implicit in this discussion that ownership and control of the flood prevention works determines whether a city or a levee district is potentially liable for its failure. *See* La.Civ.Code arts. 2317, 2317.1.

The City argues, however, that the Colsons have judicially confessed that they have no damage claims arising from any flooding event. In support of its argument, the City cites La.Civ.Code art. 1853, which reads, "A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible, and it may be revoked only on the ground of error of fact." The City argues the Colsons have judicially confessed that their damages were not caused by "flood waters." Indeed, in argument before the trial court, counsel for the Colsons admitted that his clients' damages were not caused by flood water. Arguments of counsel can serve as a judicial confession. *Id*. at Comment (b).

We see no contradiction between counsel's arguments and the allegations of the petition. The petition sets forth that the condition of the Colsons' home that has prevented and continues to prevent its occupation is the presence of

9

pentachlorophenol and other contaminants, not water. Thus, we see no contradiction between the arguments before the trial court and this court and the contents of the Colsons' petition. "The purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Hines,* 876 So.2d at 769 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986)). The Colsons' damages, if substantiated at trial, are asserted in pleadings and in Dr. Cheremisinoff's affidavit to have resulted from chemical contamination and not from flood waters.

Accordingly, we affirm summary judgment on the issue of liability on the City's part for flood damage, but not on the basis of any immunity of the City by virtue of the creation of the levee district.

## SUMMARY

The City's motion to strike the Colsons' reply brief is granted. We find no error in the trial court's refusal to grant a continuance of a hearing on a motion for summary judgment filed in a case in which the petition was filed seven years before the motion. Seven years certainly represents an adequate opportunity for discovery in this case. We find no error in the trial court's exclusion of the documents on the CD submitted by the Colsons; the pertinent information was summarized in Dr. Cheremisinoff's deposition.

The trial court properly denied the City's motion for summary judgment on the issue of immunity under the Louisiana Homeland Security and Emergency and Disaster Assistance Act. Genuine issues of material fact exist regarding whether the Act applies to this matter. The trial court properly granted summary judgment on the issue of the City's responsibility for "flood waters," not because the levee

district is liable for them, but because the evidence demonstrates that the plaintiffs' damages arise from chemical contamination.

The motion to strike Appellants' reply brief filed by the City of Pineville is granted. The judgment of the trial court is affirmed. All costs of this appeal, in the amount of $1,997.50, are taxed as costs to the City of Pineville.

**MOTION TO STRIKE GRANTED. MOTION TO SUPPLEMENT THE RECORD DENIED. JUDGMENT AFFIRMED.**