# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DAVID BENTON AND ASHLIE DOWNEY

NO.   2020 CW 1214

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES AND THE
DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, ASHLEY SHIELDS, AND
RONNIE R. ROUNDTREE

**AUGUST 13, 2021**

---

In Re:  The  State  of  Louisiana,  through  the  Department  of
Children and Family Services and Ashley Shields, applying
for  supervisory  writs,  21st  Judicial  District  Court,
Parish of Tangipahoa, No. 2017-807.

---

BEFORE:  **WHIPPLE, C.J., McDONALD, THERIOT, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED.**  The trial court's September 8, 2020 judgment
denying the motion for summary judgment filed by the State of
Louisiana through the Department of Children and Family Services
and Ashley A. Shields on the issue of immunity pursuant to La.
R.S.  29:735(A)(1)  is  reversed  and  the  motion  for  summary
judgment is granted.  There is no dispute that, at the time of
the accident, the State of Louisiana was in a declared state of
emergency due to flooding.  Further, the evidence submitted by
defendants  in  support  of  their  motion  for  summary  judgment
establishes that Ashley A. Shields, an employee of the Louisiana
Department  of  Children  and  Family  Services  ("DCFS"),  was
traveling outside of her normal work hours to an alternate work
location  at  the  direction  of  the  DCFS  to  distribute  Disaster
Supplemental  Nutritional  Assistance  Program  ("DSNAP")  cards  to
flood victims.  This  directive  and  the  extraordinary  travel
incident thereto caused her to be engaged in a homeland security
and emergency preparedness and recovery activity at the time of
the accident.  See **Lumpkin v. Lanfair,** No. 2009-6248, 2010 WL
3825427 (E.D. La. 2010).

JMM
MRT
AHP

**Whipple, C.J.,** dissents and would deny the writ.  While
Louisiana courts have given "emergency preparedness and recovery
activities"  a  liberal  interpretation,  the  statute  itself
provides that in order for immunity to apply the employee must
be engaged in that activity and the injury to a person must be
as a result of such activity. The circumstances of this case are
distinguishable from, for example, **Koonce v. St. Paul Fire &
Marine Insurance Co.,** 2015-31 (La. App. 3d Cir. 8/5/15), 172 So.
3d 1101, writ denied, 2015-1950 (La. 11/30/15), 184 So.3d 36,
where immunity was extended to the Calcasieu Parish Sheriff's
Office and its deputy who were evacuating prisoners by bus away
from a hurricane at the time a crash occurred.  In this case,
Ms. Shields was merely driving from her home in her boyfriend's
vehicle to an assigned work location, but had not begun any of

her work duties at the workplace. In my view, relators have not established that she was engaged in an emergency preparedness or recovery activity at the time of the accident.

**Holdridge, J. dissents.** La. Code Civ. P. art. 966(A)(3) states that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law." Article 966(F) further provides that "[a] summary judgment may be rendered only as to those issues set forth in the motion under consideration by the court at that time." The sole issue in this motion for summary judgment is whether the mover has come forth with sufficient evidence to show that a person who is involved in a vehicular accident over forty miles away from a disaster relief distribution site is engaged in emergency preparedness activities such that she is entitled to immunity pursuant to La. R.S. 29:735 for any damages she may have caused by her negligence. The immunity defense provided by La. R.S. 29:735 is an affirmative defense. **Rogers v. State ex rel. Dep't of Public Safety & Corr.**, 2007-1060 (La. App. 3d Cir. 1/30/08), 974 So.2d 919, writ denied, 2008-504 (La. 4/25/08), 978 So.2d 37. The burden is on the DCFS to prove through admissible and relevant documents that the defendant, Ashley Shields, was engaged in an emergency preparedness activity when she was driving her boyfriend's personal vehicle on her way to a disaster relief site and that she was entitled to immunity for any of her negligent acts while driving in accordance with La. R.S. 29:735. **Robertson v. St. John the Baptist Parish**, 2015-240 (La. App. 5th Cir. 10/14/15), 177 So.3d 785, 789.

De novo review of the evidence presented by the DCFS in the form of documentation, affidavits, and depositions, all demonstrate that Ms. Shields, having recently exited her subdivision in her boyfriend's vehicle, struck a pedestrian in a lighted intersection. It further shows that she was in Tangipahoa Parish, approximately forty miles from Franklinton, Louisiana, where she was to distribute DSNAP cards to flood victims. At oral argument, it was stated that Ms. Shields did not have the DSNAP cards in her possession, but that the cards were at the distribution relief site in Franklinton. The threshold issue here is immunity. We do not have before us Ms. Shields' liability under a duty/risk analysis. Whether Ms. Shields was negligent in any way in failing to see the plaintiff, who was wearing dark clothing and standing in the middle of a highway, talking, with his back toward the traffic in the darkness of the early morning is not before us. There is also a substantial legal issue as to whether Ms. Shields owed any duty to the defendant under the circumstances of this case. However, these issues have not been raised in this motion for summary judgment.

The sole issue at this time is whether Ms. Shields was engaged in emergency preparedness activities at the time of the accident and is entitled to immunity under La. R.S. 29:735. Louisiana courts have found the following activities qualify as "emergency preparedness activities" under La. R.S. 29:735:

engaging in sandbagging activities and getting into an accident in a state owned vehicle,[1] removing debris,[2] inspecting culverts and drainage structures,[3] making arrests and transporting arrestees or prisoners,[4] removing an earthen berm obstructing drainage,[5] responding to a house fire,[6] failing to provide proper warnings in advance of a disaster,[7] driving a military truck to haul materials,[8] a spare tire coming off a national guard vehicle and striking another vehicle while on a mission to pick up automotive parts for hurricane relief operations.[9] In this case, I believe genuine issues of material fact remain concerning whether a state employee driving a friend's car is entitled to immunity for an accident which occurs over forty miles from the disaster relief distribution area. A genuine issue of material fact is one as to which reasonable minds could disagree. **Periso v. Vu**, 2013-1601 (La. App. 1st Cir. 7/17/14), 2014 WL 3535342; **Price v. Chain Electric Company**, 2018-162 (La. App. 5th Cir. 11/28/18), 259 So.3d 1249. Clearly, reasonable people could disagree as to whether the travel in this case by the defendant is an integral part of an emergency preparedness activity. Since there is a question in Louisiana law as to the scope of immunity for state employees under La. R.S. 29:735, summary judgment is not the proper procedural mechanism to determine this issue. Without a trial wherein all facts and circumstances can be placed into evidence, it would be legal error to grant immunity from liability to all state employees driving in their personal vehicles to disaster locations for any of their negligent actions no matter the distance from the actual disaster assistance activity.[10] The state has failed in its burden of proving that there are no genuine issues as to any material facts and that Ms. Shields is entitled to immunity as a matter of law. Accordingly, I dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] **McQuirter v. State through Louisiana Dep't of Pub. Safety & Corr. Elayn Hunt Corr. Ctr.**, 2020-1192 (La. 1/12/21), 308 So.3d 285.

[2] **Castille v. Lafayette City-Parish Consolidated Government**, 2004-1569 (La. App. 3d Cir. 3/2/05), 896 So.2d 1261.

[3] **Fryoux v. Tensas Basin Levee Dist.**, 2012-997 (La. App. 3d Cir. 2/6/13), 2013 WL 440129.

[4] **Noyel v. City of St. Gabriel**, 2015-1890 (La. App. 1st Cir. 9/1/16), 202 So.3d 1139.

[5] **Neil v. Lafourche Parish Council**, 2013-0587 (La. App. 1st Cir. 2/7/14), 2014 WL 505479.

[6] **Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist. of Jefferson Parish**, 2013-954 (La. App. 5th Cir. 5/28/14), 139 So.3d 1174.

[7] **Robertson v. St. John the Baptist Parish**, 2015-240 (La. App. 5th Cir. 10/14/15), 177 So.3d 785.

[8] **Lemoine v. United States**, No. CIV.A. 2007-8478, 2009 WL 2496561 (E.D. La. 8/13/09).

[9] **Martin v. United States**, No. CIV A. 2007-663-FJP-CN, 2008 WL 11417740 (M.D. La. 9/24/08).

[10] Under such a broad interpretation, a state employee leaving New Orleans to help distribute aid in Lake Charles could stop for the night in Baton Rouge and Lafayette, and maybe even Opelousas, and have immunity from any negligent acts which he may commit on his journey to provide disaster relief.