AFAF RABEE

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS AND SABER
FARHUD

C/W

JACQUELINE EURSIN

VERSUS

OFFICE OF RISK MANAGEMENT;
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS; SABER
FARHUD; FINANCIAL INDEMNITY
COMPANY AND AFAF RABEE

NO. 23-C-384

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 820-921, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

November 02, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**<u>WRIT GRANTED, JUDGMENT REVERSED,</u>**
**<u>SUMMARY JUDGMENT GRANTED</u>**
 SMC

**<u>CONCURS WITH REASONS</u>**
 **MEJ**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
AFAF RABEE
    Craig A. Gentry

COUNSEL FOR PLAINTIFF/RESPONDENT,
JACQUELINE EURSIN
    Alberto E. Silva
    Ron A. Austin

COUNSEL FOR DEFENDANT/RELATOR,
STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, AND SABER FARHUD
    Jeffrey M. Landry
    Adrian K. Alpay
    Phyllis E. Glazer

COUNSEL FOR DEFENDANT/RESPONDENT,
FINANCIAL INDEMNITY COMPANY
    Aaron J. Lawler

**CHEHARDY, C.J.**

This case addresses the statutory immunity from liability provided to the State of Louisiana and its agents and employees when engaged in emergency preparedness activities. For the reasons that follow, we grant the writ application, reverse the trial court's judgment, grant defendants' motion for summary judgment, and dismiss with prejudice plaintiffs' claims against defendants.

*Facts and Procedural History*

On October 10, 2020, the plaintiffs, Afaf Rabee and Jacqueline Eursin, were allegedly injured in an auto accident caused by Saber Farhud, an employee of the Louisiana Department of Public Safety and Corrections (DPSC or "the State"). Agent Farhud was driving to the Hilton Riverside Hotel in New Orleans to assist with securing Hurricane Laura evacuees from Lake Charles. While driving a DPSC-owned vehicle on Manhattan Boulevard in Jefferson Parish, Farhud rear-ended the vehicle driven by plaintiff Rabee. Ms. Rabee then rear-ended the vehicle in front of her, in which plaintiff Jacqueline Eursin was a passenger. At the time of the accident, Louisiana was operating in a state of emergency pursuant to Governor Edwards' proclamation entered after Hurricane Laura. Ms. Rabee and Ms. Eursin filed separate lawsuits against Agent Farhud and the State through the DPSC.[1] Their lawsuits were subsequently consolidated.

Defendants subsequently filed a motion for summary judgment arguing that Farhud and DPSC cannot be held liable pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act. More specifically, La. R.S. 29:735 A(1) provides:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them

---

[1] Ms. Rabee's lawsuit named as defendants "Louisiana Department of Public Safety & Corrections and Saber Farhud." Ms. Eursin's lawsuit named as defendants "Office of Risk Management; Louisiana Department of Public Safety & Corrections; Saber Farhud; Financial Indemnity Company; and Afaf Rabee."

1

> engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for death or injury to persons or damage to property as a result of such activity.

"Emergency preparedness" is defined in La. R.S. 29:723 (6) of the Disaster Act as "the mitigation of, preparation for, response to, and the recovery from emergencies and disasters."

Agent Farhud, who normally works as a probation and parole officer, was assigned to work a security shift protecting displaced citizens of Lake Charles. An affidavit from Richard Berger, a DPSC District Manager who was Farhud's immediate supervisor at the time of the accident, indicated that DPSC paid any all expenses associated with the State-owned vehicle that Farhud was driving, that Farhud was compensated for his time traveling to and from the Hilton Riverside Hotel in the DPSC vehicle during this emergency operation assignment, and that his use of the vehicle at the time of the accident was related to the performance of his duties as a DPSC employee. As such, defendants argue that Agent Farhud and DPSC were engaged in the "response to, and the recovery from" the disaster.

In opposition, plaintiffs contend that although providing security at the hotel may be construed as emergency recovery activities, Farhud was not engaged in those activities at the time of the accident and was not delivering any crucial disaster recovery supplies. Plaintiffs further argue that the emergency preparedness cases to which defendants point all involved a state actor who was clearly engaged in recovery activities at the time of the incident; here, Farhud was not engaged in emergency or recovery activities when the accident occurred.

The trial court denied defendants' motion for summary judgment, stating in reasons for judgment that there was a genuine issue of material fact as to whether Farhud's conduct falls under the immunity statute, citing *Robertson v. St. John the*

*Baptist Parish*, 15-240 (La. App. 5 Cir. 10/14/15), 177 So.3d 785. The trial court also stated that immunity statutes are to be strictly construed against the party claiming the immunity pursuant to *Banks v. Parish of Jefferson*, 08-27 (La. App. 5 Cir. 6/19/08), 990 So.2d 26, 30, *writ denied*, 08-1625 (La. 10/24/08), 992 So.2d 1043.

Defendants now seek review of that ruling. Finding merit in defendants' argument, we gave the parties an opportunity to provide additional briefing and to request oral argument, if desired, pursuant to La. C.C.P. art. 966 H.

*Law and Argument*

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.; *see also Robinson v. Otis Condominium Assoc., Inc.*, 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 360-61, *writ denied*, 21-0343 (La. 4/27/21), 314 So.3d 837.

We review the denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material

fact and whether the mover is entitled to judgment as a matter of law. *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

The statute is clear: the State and its employees shall not be held liable for injury to the persons or damage to property when engaged in emergency preparedness activities. La. R.S. 23:735 A(1). The central issue in this case is whether driving in a State-owned car to a special assignment protecting hurricane evacuees constitutes an "emergency preparedness activity" that entitles Agent Farhud and the DPSC to immunity.

The current facts are essentially undisputed: Farhud was driving a State-owned vehicle to perform a special assignment that was outside of his regular work as a probation and parole officer. The DPSC made this assignment in conjunction with the government's declared emergency after Hurricane Laura. Where the facts are undisputed, the interpretation and application of the immunity statute presents a question of law that is appropriate for consideration on summary judgment and is subject to *de novo* review. *Newtek Small Business Finance, LLC v. Baker*, 22-1088 (La. 6/27/23), 366 So.3d 1230, 1232; *Fernandez v. City of Kenner*, 21-550 (La. App. 5 Cir. 12/8/21), 335 So.3d 951, 954.

In *Benton v. State*, 20-1214 (La. App. 1 Cir. 8/13/21), 2021 WL 3578857 (unpublished writ disposition), *writ denied*, 21-1815 (La. 1/26/22), 332 So.3d 82, a state employee was traveling in her boyfriend's vehicle to an alternative work location outside of her normal work hours to distribute Disaster Supplemental Nutritional Assistance Program (DSNAP) cards to flood victims during a declared state of emergency. The employee did not have the DSNAP cards in the vehicle at the time of the accident. In a 3-2 decision, the First Circuit overturned the trial court's denial of summary judgment, granted defendants' motion for summary

judgment, and dismissed the plaintiff's claims against the State.[2] *See also Lumpkin v. Lanfair*, 09-6248 (E.D. La. Sept. 23, 2010), 201 WL 38254287, *Martin v. U.S.*, 07-663 (M.D. La. Sept. 24, 2008), 2008 WL 11417740. As in *Benton*, the trial court in this case erred in finding that a genuine issue of material fact remains.

Furthermore, "[r]epresentatives and employees of the State, its agencies, or political subdivisions are also immune except if they engage in willful misconduct." *McQuirter v. State Through La. Dep't of Public Safety & Corrections Elayn Hunt Corr. Ctr.*, 20-1192 (La. 1/12/21), 308 So.3d 285. There is no evidence that Farhud engaged in willful misconduct when he rear-ended Ms. Rabee. As such, Agent Farhud is entitled to immunity under La. R.S. 29:735(A)(1).

One of the enunciated purposes of the Disaster Act is "[t]o prepare for prompt and efficient evacuation, rescue, care, and treatment of persons victimized or threatened by disasters or emergency." La. R.S. 29:722 A(5). The Act defines "emergency preparedness" activities to include the "response to" and the "recovery from" emergencies and disasters. La. R.S. 29:723 (6). Given DPSC's engagement in disaster relief and Agent Farhud's special assignment to protect hurricane evacuees, we find that driving to his special assignment is included within "emergency preparedness" activities, and that defendants are entitled to statutory immunity.

---

[2] Chief Judge Whipple and Judge Holdridge dissented. C.J. Whipple stated that even though Louisiana courts have given "emergency preparedness and recovery activities" a broad interpretation, immunity should apply only when the employee is engaged in the activity, and the injury to a person must be as a result of that activity. She believed that the State had not established that the employee in *Benton*, who was driving from her home in her boyfriend's vehicle to an assigned work location, was engaged in an emergency preparedness or recovery activity at the time of the accident. In a separate dissent, Judge Holdridge listed numerous activities that had been found to constitute "emergency preparedness" activities, but stated that he believed genuine issues of material fact remained as to whether a state employee driving a friend's car is entitled to immunity for an accident that occurred more than forty miles from the disaster relief distribution area.

Finally, plaintiffs also suggest that summary judgment is inappropriate here because a determination of the vicarious liability of DPSC must be made at trial. We disagree. The "going-and-coming rule" to which plaintiffs refer does not change our immunity analysis, which is governed by the Disaster Act.[3]

After *de novo* review, we grant the writ, reverse the trial court's judgment, grant the motion for summary judgment filed by defendants, Saber Farhud and the State of Louisiana through the Department of Public Safety and Corrections, and dismiss with prejudice Afaf Rabee's and Jacqueline Eursin's claims against them.

**WRIT GRANTED, JUDGMENT REVERSED, SUMMARY JUDGMENT GRANTED**

---

[3] The going-and-coming rule states that an employee traveling to or from work generally is not in the course and scope of employment for purposes of an employer's vicarious liability under La. C.C. art. 2320, because an employee usually does not begin work until he reaches his employer's premises. *See*, *e.g.*, *White v. Canonge*, 01-1227 (La. App. 5 Cir. 3/26/02), 811 So.2d 1286, 1289. There are three exceptions to the general exclusion regarding commuting to and from work: an employee may be found to be in the course and scope of employment when traveling to or from work if (i) the employer provides the transportation, (ii) the employer provides wages or expenses for the time the employee spends travelling, or (iii) the operation of the vehicle is incidental to or in performance of the employee's responsibility. *Knowles v. State Farm Mut. Auto. Ins. Co.*, 12-806 (La. App. 5 Cir. 3/27/13), 113 So.3d 417, 419.

AFAF RABEE                           NO. 23-C-384

VERSUS                               FIFTH CIRCUIT

LOUISIANA DEPARTMENT OF              COURT OF APPEAL
PUBLIC SAFETY & CORRECTIONS
AND SABER FARHUD                     STATE OF LOUISIANA

C/W

JACQUELINE EURSIN

VERSUS

OFFICE OF RISK MANAGEMENT;
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS;
SABER FARHUD; FINANCIAL
INDEMNITY COMPANY AND AFAF
RABEE


**JOHNSON, J., CONCURS WITH REASONS**

I concur for the reasons assigned by Judge Molaison and echo his

sentiments that the outcome in this case may not be equitable. I write separately

to stress that broad interpretations of La. R.S. 29:735 that cover "emergency

preparedness" or "homeland security" response activities that have tenuous

temporal relationships or connexity to the events that necessitated the declaration

of the state of emergency in the first place may further threaten the safety of

Louisiana's citizens.  One purpose of the Louisiana Homeland Security and

Emergency Assistance and Disaster Act is "generally to preserve the lives and

property of the people of the State of Louisiana". La. R.S. 29:722 (A). Hurricane

Ida made landfall on August 29, 2021 in Louisiana. In the instant case, Agent

Farhud was not being dispatched to respond to a specific incident at the hotel

that posed an imminent threat to the lives or property of Louisiana's citizens.

Further, La. R.S. 32:24 places a duty on emergency vehicle operators to

"drive and ride with due regard for the safety of all persons". By analogy, those

1

claiming immunity under La. R.S. 29:735 should be charged with a similar standard of care, especially if they are not operating a clearly marked and equipped emergency vehicle. In the instant case, Agent Farhud drove a 2008 Ford Crown Victoria that was only marked when it was parked with a placard that was placed in the front of the vehicle according to his deposition testimony. Agent Farhud's vehicle markings were not sufficient to put the average motorist on notice that (in case of emergency) his vehicle may not follow all traffic laws. Granting immunity in cases such as these to otherwise negligent actors may circumvent the legislators' intent and may encourage emergency responders to neglect their responsibility to generally protect lives and property.

AFAF RABEE                                    NO. 23-C-384

VERSUS                                        FIFTH CIRCUIT

LOUISIANA DEPARTMENT OF                       COURT OF APPEAL
PUBLIC SAFETY & CORRECTIONS
AND SABER FARHUD                              STATE OF LOUISIANA

C/W

JACQUELINE EURSIN

VERSUS

OFFICE OF RISK MANAGEMENT;
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS;
SABER FARHUD; FINANCIAL
INDEMNITY COMPANY AND AFAF
RABEE


**MOLAISON J., CONCURS WITH REASONS**

I agree with the majority that La. R.S. 29:735 A(1) provides immunity to

Agent Farhud and the DPSC under the facts of the case. I write separately to

underscore that the very broad language of La. R.S. 29:735 lends itself to far-

reaching interpretations where routine tasks, such as driving to work, become

protected activities, even when there is no imminent threat to the health and

safety of others.  It is unclear whether such results are truly consistent with

legislative intent of covering "emergency preparedness activity," or if the

statute's applicability should be further clarified.

The law in this matter compels us to reach a certain result. While

cognizant of the deference owed the law as it has been written by our legislature

and interpreted by the Supreme Court, I do so here with trepidation upon

considering the resulting inequity our decision will have upon the plaintiffs'

causes of action. For the foregoing reasons, I reluctantly concur in the majority's disposition.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 2, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-384**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ALBERTO E. SILVA (RESPONDENT)          RON A. AUSTIN (RESPONDENT)          PHYLLIS E. GLAZER (RELATOR)

### MAILED
AARON J. LAWLER (RESPONDENT)        CRAIG A. GENTRY (RESPONDENT)        ADRIAN K. ALPAY (RELATOR)
ATTORNEY AT LAW                     ATTORNEY AT LAW                    ASSISTANT ATTORNEY GENERAL
2431 SOUTH ACADIAN THRUWAY          601 POYDRAS STREET                 LOUISIANA DEPARTMENT OF JUSTICE
SUITE 600                           24TH FLOOR                         1885 NORTH THIRD STREET
BATON ROUGE, LA 70808               NEW ORLEANS, LA 70130              THIRD FLOOR
                                                                       BATON ROUGE, LA 70802

HONORABLE JEFFREY M. LANDRY
(RELATOR)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804